UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY GRAY and DINA GRAY,<br><br>Plaintiffs,<br><br>v.<br><br>EXTENDED STAY AMERICA, INC.; ESA MANAGEMENT, LLC; LAURA BURKE; and DOES 1 to 25, INCLUSIVE,<br><br>Defendants. | No. 2:19-cv-01269-MCE-EFB<br><br>**MEMORANDUM AND ORDER** |

On April 4, 2019, Plaintiffs Timothy Gray and Dina Gray ("Mr. Gray," "Mrs. Gray," or "Plaintiffs") filed the present action in state court as a result of personal injuries they claim to have sustained while staying at an Extended Stay Hotel located in West Sacramento, California. Once service was accepted on behalf of Defendant Extended Stay America Management, LLC ("ESA" or "Defendant") on or about June 11, 2019, ESA removed the action to this Court on July 9, 2019, citing diversity of citizenship pursuant to 28 U.S.C. § 1441(b). Although additional defendants were named by Plaintiffs, including an individually-named California resident, ESA asserts that because it was the only properly joined and served defendant, complete diversity was nonetheless present.

1

Now before the Court is Plaintiffs' Motion to Remand the case back to the Superior Court of California for the County of Yolo where it was originally filed. Pls.' Mot. to Remand ("Pls.' Mot."), ECF No. 5. For the reasons set forth below, Plaintiffs' Motion is DENIED.[1]

**BACKGROUND**[2]

On or about September 14, 2017, Plaintiffs stayed at the Extended Stay America Hotel located at 795 Stillwater Road, West Sacramento, California. When Mr. Gray got up in the middle of the night to use the restroom, he slipped and fell due to water leaking from the ceiling and hit his head on the bathtub, thereby sustaining an injury. Pls.' Compl., pp. 4-5. Plaintiffs subsequently filed the present lawsuit, asserting causes of action for premises liability and negligence against ESA, Extended Stay America, Inc., and Laura Burke. As a result of her husband's injuries, Mrs. Gray also claims loss of consortium damages. Id. at 6.

On May 10, 2019, counsel for ESA communicated to Plaintiffs' counsel that they would be representing ESA in this matter. Pls.' Mot. at 2:27-28. On May 22, 2019, Plaintiffs' counsel asked Defendant's counsel if they would accept service of process on ESA's behalf. Id. at 3:1-2. Plaintiffs' counsel followed up by emailing copies of the documents filed in state court along with a Notice and Acknowledgment that same day. Id. at 3:2-3. On June 11, 2019, ESA effectuated service of process by signing and returning the Notice and Acknowledgment. Def.'s Notice of Removal, ECF No. 1, ¶ 3. ESA then filed and served its Answer to Plaintiffs' Complaint on July 9, 2019. Id. ¶ 4.

On July 9, 2019, less than 30 days following its execution of the Notice and Acknowledgment, ESA removed the matter to this Court. Although Extended Stay

---

[1] Having concluded that oral argument would not be of material assistance, the Court submitted this matter on the briefs in accordance with Local Rule 230(g).

[2] The following recitation of facts is taken, sometimes verbatim, from Plaintiffs' Complaint (Def.'s Notice of Removal, Ex. A., ECF No. 1) and Plaintiff's Motion to Remand (ECF No. 5).

America, Inc. and an individual named Laura Burke were also named as Defendants, ESA pointed out that under 28 U.S.C. § 1446, as "the only Defendant properly joined and served to this action," it was entitled to independently effectuate removal on the basis of diversity of citizenship since "the existence of improperly joined and unserved Defendants will not deprive this court of jurisdiction." Id. at ¶ 9.

Defendant asserts that Mr. and Mrs. Gray are, or were at the inception of this case, citizens and residents of California. Def.'s Notice of Removal, ¶ 6. ESA states that complete diversity is present because it is incorporated outside California with a principal place of business outside the state. According to Defendant, Burke is an improperly joined and unserved Defendant who does not deprive this Court of jurisdiction. Id. ¶ 9. As for the Doe Defendants, ESA states that they also do not deprive the Court of jurisdiction because they and their citizenship are fictitious and unknown.[3] Id. ¶ 10.

Plaintiffs disagree with Defendant's analysis and move to remand the case pursuant to 28 U.S.C. § 1447 on grounds that Defendant has not demonstrated, as it must, that complete diversity of citizenship is present under § 1441(b). Plaintiffs further claim that Defendant failed to timely remove the action within 30 days following its receipt through service or otherwise of Plaintiffs' complaint, as required by § 1446(b). Finally, Plaintiffs also argue that Defendant's removal was procedurally defective because it failed to attach, in accordance with § 1446(a), copies of all process, pleadings and orders served upon Defendant in state court prior to removal.

**STANDARD**

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court

---

[3] Plaintiffs do not contest Defendant's statement regarding the Doe Defendants and their effect on diversity jurisdiction. It is well-established that "the citizenship of defendants sued under fictitious names shall be disregarded" for purposes of removal. 28 U.S.C. § 1441(a).

"embracing the place where such action is pending." 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state. . ." Id. § 1332(a)(1)-(2).

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). "The party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v. Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)). Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). "[I]f there is any doubt as to the right of removal in the first instance," the motion for remand must be granted. Id. Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

## ANALYSIS

### A. Diversity of Citizenship

According to Defendant's Notice of Removal, Plaintiffs are citizens and residents of the State of California. Def.'s Notice of Removal, ¶ 6. Plaintiffs do not dispute that they are California citizens. In addition, Plaintiffs do not dispute that the amount in controversy requirement for diversity jurisdiction pursuant to § 1332(a) has been satisfied. Plaintiffs do claim, however, that ESA has not demonstrated complete diversity because Defendant Burke is a California citizen, and Defendant did not

4

sufficiently allege ESA's citizenship. Pls.' Mot. 1:24-28. Plaintiffs also allege, as indicated above, that Defendant's removal was untimely and procedurally defective since required state court pleadings were not attached to the petition for removal. Because Defendant, as the removing party, bears the burden of establishing their jurisdictional prerequisites, each of Plaintiffs' claims must now be addressed. See Gaus v. Miles, Inc., 980 F.2d. 564, 566 (9th Cir. 1992) (reasoning that the defendant has the burden of establishing that removal was proper due to of the strong presumption against removal jurisdiction); see also Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 944 (9th Cir. 2009) (the party requesting removal has the burden of establishing federal subject matter jurisdiction).

### 1. ESA's Citizenship

Plaintiffs first argue that while ESA's removal petition states unequivocally that it is a corporation organized under the laws of the State of North Carolina with its principal place of business located in North Carolina,[4] Defendants' allegations in that regard are nonetheless insufficient to establish diversity because "merely stating a business entity is in a certain state regardless of its form does not sufficiently allege citizenship of that state." Pls.' Mot., 5:24-25. According to Plaintiffs, to the extent that ESA is a limited liability corporation ("LLC"), its citizenship is that of each of its owners. See Johnson v. Columbia Props. Anchorage LP, 437 F.3d 894, 899 (9th Cir. 2006) (joining other circuits in holding that an LLC is treated as a partnership for diversity purposes in that it is a citizen of all the states of its members); see also Handelsman v. Bedford Village Assocs., Ltd. Partnership, 213 F.3d 48, 51-52 (2d Cir. 2000) (for purposes of diversity jurisdiction, an LLC is a citizen of its members' states) (citing Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998)).

---

[4] In opposition to this Motion, Defendant submitted the Declaration of Annette Rose (ECF No. 7-2) which indicates, inter alia, that the removal petition inadvertently described both the state of incorporation and the principal place of business as being in North Carolina despite the fact that Defendant is in fact incorporated in Delaware. The Rose Declaration corrects that scrivener's error, which does not change the diversity analysis as to ESA in any event since its citizenship is diverse under either scenario to Plaintiffs'.

5

Plaintiffs' argument is unavailing. ESA's petition on its face indicates that ESA is a corporation organized under the laws of another state with its principal place of business also in another state, and a declaration appended to the petition attests to that fact. See Decl. of William Hashe, ECF No. 1-2, ¶ 2. ESA's citizenship is therefore diverse from that of Plaintiffs. Regardless, the result would not change if the Court were to further examine ESA's ownership as Plaintiffs would appear to advocate. A supplemental declaration from William Hashe submitted in conjunction with Defendant's opposition indicates that ESA is wholly-owned by non-served Defendant Extended Stay America, Inc., and that both ESA and Extended Stay America, Inc. are Delaware corporations with principal places of business in North Carolina. See Hashe Decl., ECF No. 7-1, ¶ 4.[5] Consequently, the diversity analysis is the same under either scenario, and this Court finds that ESA's citizenship has been sufficiently established.

### 2. Timeliness of Removal Pursuant to 28 U.S.C. § 1446(b)

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, or a copy of the initial pleading setting forth the claim…" 28 U.S.C. § 1446(b). In the absence of actual service having been effectuated by Plaintiffs, Defendant maintains that this 30-day period did not begin to accrue until it signed and returned the acknowledgment of receipt sent to Plaintiffs. Def.'s Opp'n, ECF No. 7 at 4:20-24. Meanwhile, Plaintiffs contend that an email sent to Defendant on May 22, 2019, asking Defendant's counsel if they would accept service on behalf of ESA, constitutes a "receipt by the defendant" for purposes of § 1446(b). Pls.' Mot. at 8:1-3. To support their argument, Plaintiffs cite to Fristoe v. Reynolds Metals Co., 615 F.2d 1209 (9th Cir. 1980), but that case states only generally that the 30-day statutory "time limit is mandatory and a timely objection to a late petition will defeat removal . . . " Id. at 1212 (citing American Fire & Casualty Co. v. Finn, 341 U.S. 6, 17, 71 (1951)). Fristoe does not support Plaintiffs' proposition that their email itself constitutes "receipt by the defendant" and that the 30-day time limit should

---

[5] Plaintiffs' evidentiary objections to the Hashe declaration are OVERRULED.

start to accrue the day that email was sent at a time when neither actual service nor Defendant's formal notice and acknowledgment of receipt had occurred.

When service of process becomes effective is governed by state law. City of Clarksdale v. BellSouth Telecomms., Inc., 428 F.3d 206, 210 (5th Cir. 2005); see also Hardy v. Square D Co., 199 F. Supp. 2d 676, 680 (N.D. Ohio 2002) (reasoning that when it comes to service by mail, state law determines when service becomes effective). Defendant cites the California Code of Civil Procedure, which states unequivocally that service "is deemed complete on the date a written acknowledgment of receipt of summons is executed." Cal. Civ. Proc. Code § 415.30(c).[6] Accordingly, the dispositive date is the day upon which acknowledgment of receipt is executed and returned to the sender. Long v. McAffee, 2019 WL 6840388 at *4 (E.D. Cal. December 16, 2019).

Plaintiffs' contention otherwise is utterly devoid of merit.[7] Defendant's Acknowledgment of Receipt of the summons was executed on June 11, 2019, meaning that the July 9, 2019 Notice of Removal was timely because it was filed within 30 days of that date. For these reasons, the Court finds that Defendant's Notice of Removal was timely.

### 3. Non-Diverse and Non-Served Defendant Laura Burke

Defendant asks the Court to disregard Burke's citizenship for purposes of determining diversity, contending that Burke is an improperly joined defendant. Def.'s Opp'n at 3:3-4. Plaintiffs assert that Burke is a non-diverse defendant, making removal improper because courts have routinely considered the citizenship of non-served defendants. See Clarence E. Morris, Inc. v. Vitek, 412 F.2d 1174, 1176 (9th Cir. 1969) (irrespective of service, "[a] nonresident defendant cannot remove a 'non-separable'

---

[6] Courts have construed Cal. Civ. Proc. Code § 413.30 as authorizing service by email if it is reasonably calculated to give actual notice to the party to be served. Cisco Sys. v. Shaitor, 2018 U.S. Dist. LEXIS 106893 at *7-8 (N.D. Cal. June 25, 2018).

[7] While Plaintiffs purport to cite § 1446, they fail to demonstrate what "receipt through service or otherwise" means, even though there is an abundance of case law discussing this issue. Instead of addressing the arguments made by Defendant, Plaintiffs merely copied and pasted their original argument into their Reply.

7

action if the citizenship of any codefendant, joined by the plaintiff in good faith, destroys complete diversity…"). However, a "fraudulently joined defendant will not defeat removal on diversity grounds." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998) (reasoning that the defendant seeking removal is entitled to show that the plaintiff's joinder of a defendant is fraudulent) (citing McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)); see also Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (same).

Plaintiffs aver that the voluntary/involuntary rule applies in this case to bar Defendant's assertion of fraudulent joinder. Pls.' Reply, ECF No. 8 at 4:25-26. This rule dictates that if a resident defendant is dismissed from a case by a voluntary act by the plaintiff, then it is removable, but if the resident defendant is dismissed by the defendant's or court's action, then the case cannot be removed. Insinga v. LaBella, 845 F.2d 249, 252 (11th Cir. 1988) (quoting Weems v. Louis Dreyfus Corp., 380 F.2d 545, 546 (5th Cir. 1967)). In their Motion, Plaintiffs fail to note that an exception to the voluntary/involuntary rule exists where a non-diverse defendant has been fraudulently joined. Graybill-Bundgard v. Standard Ins. Co., 793 F. Supp. 2d 1117, 1120-21 (N.D. Cal. 2011) (citing Self v. Gen. Motors Corp., 588 F.2d 655, 656 (9th Cir. 1978)). In order to find that a defendant was fraudulently joined, the determination that must be made is whether the plaintiff can establish liability against the defendant. Briano v. Conseco Life Ins. Co.,126 F. Supp. 2d 1293, 1295 (C.D. Cal. 2000) (citing Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42 (5th Circ. 1992).

When it comes to Plaintiffs' claims against Burke, Defendant argues that there are no grounds in law or fact to impose liability on Burke for the alleged slip and fall at her place of work. Def.'s Opp'n at 3:12-13. The Court agrees. The Complaint has no substantive allegations against Burke. Moreover, Plaintiffs do not outline any conduct by Burke making her liable under the causes of action presented. For these reasons, the Court finds that Burke is an improperly joined defendant.

///

### 4. All Process, Pleadings, and Orders

Section 1446(a) mandates that the Defendant's Notice of Removal have "a short plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders serviced upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Plaintiffs argue that Defendant failed to follow the procedures of § 1446(a) because Defendant did not attach the Civil Case Cover Sheet, Case Management Statement, ADR Packet, Notice and Acknowledgment of Receipt, and a state court order from April 4, 2019. Pls.' Mot. at 7:6-9. Instead, Defendant's removal petition appended only the Summons and Complaint along with Defendant's Answer filed in state court.

Even if Defendant did not include the above-enumerated documents in the Notice of Removal, for the most part they relate to the state court's management of this matter which terminated once removal was effectuated, or to process made within the confines of the state court action. As such, Defendant argues that any procedural defect in that regard is both *de minimis* and curable. The Court agrees. See Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1142 (9th Cir. 2013) (agreeing with other circuits that, even after the statutory time limit has expired, *de minimis* procedural defects are curable) (citing Countryman v. Farmers Ins. Exch., 639 F.3d 1270, 1272 (10th Cir.2011); Walton v. Bayer Corp., 643 F.3d 994, 999 (7th Cir. 2011)). "[T]he failure to include all state court pleadings and process with notice of removal is procedurally incorrect but is not a jurisdictional defect." Cook v. Randolph County, Ga., 573 F.3d 1143, 1150 (11th Cir. 2009). Courts have allowed defendants to amend removal petitions to correct procedural defects after the time period for removal has expired. Woodall v. Insurance Co. of North America, 582 F. Supp. 247, 248 (N.D. GA 1984).

Although Defendant claims it provided this Court with all "material" documents that provide the basis for its removal (see Def.'s Opp'n at 5:5-7), Plaintiffs correctly point out that any such interpretation of §1446(a) is incorrect due to the fact that the statute explicitly requires that "all process, pleadings, and orders" be provided. Pls.' Reply at

7:3-5. Nonetheless, while ESA was required to submit all documents served upon it with its Notice of Removal, ESA has now provided all documents in the state court case file. ECF No. 7-2, Ex. C. ESA has consequently cured any defect in its Notice of Removal and, as the case law cited above demonstrates, it is immaterial that the 30-day time limit has elapsed.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Remand (ECF No. 5) is DENIED.

IT IS SO ORDERED.

Dated: March 16, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE