ASHLEY R. AMERIO (SBN 230469)
ashley@ameriolaw.com
MATTHEW ENGEBRETSON (SBN 231994)
matthew@ameriolaw.com
AMERIO LAW FIRM P.C.
1640 Lead Hill Blvd., Second Floor
Roseville, CA 95661
Telephone: (916) 419-1111

Attorneys for Plaintiff,
TIMOTHY GRAY and DINA GRAY

MARK S. POSARD (SBN 208790)
mposard@grsm.com
ANNETTE L. ROSE (SBN 311274)
arose@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825
Telephone: (916) 565-2900
Facsimile: (916) 920-4402

Attorneys for Defendant
ESA MANAGEMENT, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| TIMOTHY GRAY and DINA GRAY,<br><br>Plaintiffs,<br><br>vs.<br><br>EXTENDED STAY AMERICA, INC.; ESA MANAGEMENT, LLC; LAURA BURKE; and DOES 1 to 25, INCLUSIVE,<br><br>Defendants. | Case No. 2:19-cv-01269-MCE-EFB<br><br>**JOINT STIPULATION TO MODIFY INITIAL PRETRIAL SCHEDULING ORDER AND ORDER** |

Plaintiffs TIMOTHY GRAY and DINA GRAY ("Plaintiffs") and Defendant ESA MANAGEMENT, LLC ("Defendant") (Plaintiffs and Defendant collectively referred to herein as "the Parties") hereby stipulate, through their respective counsel of record, as follows:

1.  On or about March 27, 2019, Plaintiffs filed a complaint for damages

against Defendant arising out of alleged liability for negligence and premises liability in the Superior Court of Yolo County.

2. On July 9, 2019, Defendant removed Plaintiffs' action to this Court. The Court immediately issued its initial pretrial scheduling order, ordering, among other provisions that the Parties meet and confer regarding their discovery plan and that all discovery should be completed within one-year from the date the federal case was opened. (Dkt 2).

3. On or about August 8, 2019, Plaintiffs filed a motion to remand this matter back to Yolo County Superior Court. (Dkt 5).

4. Thereafter, pursuant to the Court's initial pretrial scheduling order, the Parties met and conferred regarding their discovery plan. On September 13, 2019, the Parties submitted their joint discovery plan pursuant to FRCP Rule 26 to the Court. Consistent with this Court's initial pretrial scheduling order, the Parties agreed to complete all non-expert discovery by July 9, 2020 (365-days after the federal case has been opened) (Dkt 9).

5. On March 16, 2020, this Court denied Plaintiffs' motion to remand and this case remains pending before this Court. (Dkt 10).

6. Pursuant to the operative initial pretrial scheduling order, all discovery, including any disputes related to discovery, exclusive of expert discovery, shall be completed and resolved no later than July 9, 2020. (Dkt 2).

7. On or about March 4, 2020, California Governor Gavin Newsom declared a State of Emergency due to the COVID-19 pandemic. On about March 13, 2020, President Donald Trump declared a nationwide State of Emergency due to the ongoing COVID-19 pandemic. Several states and local governments have since issued emergency "shelter-in-place" or "stay at home" orders in order to slow the spread of COVID-19.

8. Despite diligent efforts, the Parties have been unable to complete necessary discovery, including, but not limited to resolution of discovery disputes,

JOINT STIPULATION TO MODIFY INITIAL PRETRIAL SCHEDULING ORDER AND [PROPOSED] ORDER
Case No. 2:19-cv-01269-MCE-EFB

1 completion of necessary party and non-party depositions, including depositions of
2 medical and/or mental health providers.  The Parties' efforts at timely completion
3 of necessary non-expert discovery have been significantly and adversely affected
4 by the ongoing COVID-19 pandemic and shelter-in-place orders.  At the time of
5 this submission, California remains under a State of Emergency.

6       9. The Parties have further met and conferred regarding alternatives for
7 completing these depositions and other necessary non-expert discovery in light of
8 COVID-19 related restrictions on social gatherings.  The Parties agree that
9 deposition by video and/or teleconference are not feasible at this time.

10       10. Based on the above, the Parties agree that additional time is needed to
11 complete non-expert discovery, including multiple party and non-expert
12 depositions.  The Parties agree that the requested continuance is in the best
13 interests of all Parties, and will not unduly prejudice any Party.

14       11. The Parties have also recently engaged in potential settlement and/or
15 resolution discussions and believe that additional time to complete non-expert
16 discovery would aid in informal resolution of this matter.

17       12. The Parties agree and request that this Court extend non-expert
18 discovery cutoff to January 5, 2021.  The Parties believe this additional time is
19 necessary given the continued uncertainty regarding COVID-related social
20 distancing restrictions and ongoing emergency regulations.

21       13. The Parties, through their respective undersigned counsel, agree and
22 hereby do stipulate to respectfully request that the Court modify the current initial
23 pretrial scheduling order to extend non-expert discovery cutoff to January 5, 2021.
24 ///
25 ///
26 ///
27 ///
28 ///

**Gordon Rees Scully Mansukhani, LLP**
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

Respectfully submitted,

Dated: June 17, 2020                    AMERIO LAW FIRM P.C.

By: */s/ Matthew Engebretson* (as authorized on June 12, 2020)
Ashley R. Amerio
Matthew Engebretson
Attorneys for Plaintiff
TIMOTHY GRAY and DINA GRAY

Dated: June 17, 2020                    GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Annette L. Rose*
Mark S. Posard
Annette L. Rose
Attorneys for Defendant
ESA MANAGEMENT, LLC

## **ORDER**

Good cause having been shown, based on the foregoing Stipulation by the Parties, the Court hereby ORDERS as follows:

1. The Initial Pretrial Scheduling Order shall be amended to extend the non-expert discovery cutoff to January 5, 2021.

IT IS SO ORDERED.

Dated: June 17, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE